# Exhibit B

(Pleadings Asserting Causes of Action)

# Original Petition and Request for Disclosure

7/12/2018 5:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25951732
By: Walter Eldridge
Filed: 7/12/2018 5:28 PM

# 2018-46583 / Court: 334

CAUSE NO. _____

| | | |
|---|---|---|
| KENT ADLONG and BONNIE ADLONG, | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| ARKEMA, INC. and CHAD SCRUGGINS | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION
### & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, KENT ADLONG and BONNIE ADLONG, Plaintiffs, and files this, its Original Petition complaining of ARKEMA, INC., hereinafter referred to as the Defendant, and would respectfully show unto the Court as follows:

### A. Discovery Level & Rule 47 Disclosure

1.      Plaintiff's claim is for damage to the market value of real property. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney's fees.

2.      This case is a Level 2 suit for purposes of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

3.      Plaintiffs KENT ADLONG and BONNIE ADLONG are individuals residing in Harris County, Texas.

4.      Defendant ARKEMA, INC. ("Arkema") is a Pennsylvania Corporation doing business in the State of Texas.  Based on information and belief, Arkema, Inc. is the owner of the property and facility located at 18000 Crosby Eastgate Road, Crosby, Texas 77532 (the "Crosby Facility").  Arkema may be served with process through its registered agent, Corporation Service

Page **1** of **8**

Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.     Defendant CHAD SCRUGGINS is an individual residing in Harris County, Texas and may be served with process at his residence or wherever he may be found.

C. <u>Jurisdiction and Venue</u>

5.     This Court has subject matter jurisdiction over Defendant as the amount of controversy exceeds the minimum jurisdictional limits of the Court.   Venue is proper in Harris County, Texas, because a substantial part of the acts or omissions giving rise to the claims herein occurred in Harris County; and Plaintiff's claims involve real property located in Harris County, Texas.

D. <u>Factual Background</u>

6.     Plaintiffs Kent and Bonnie Adlong own and live on 33.72 acres of land and improvements located at 18602 Crosby Eastgate Road, Crosby, Texas 77532 (the "Property"). The Property is adjacent to and shares a fence line with Arkema's Crosby Facility.  The Property has been in the Adlong family since 1913 and was inherited by Plaintiffs in 2004.   At the time the Adlongs took over possession of the Property, they commissioned a survey and determined Arkema's fence encroached onto their land.   In attempting to resolve the fence issue, the Adlongs had a number of conversations with an Arkema representative named Chad Scruggins about the Crosby Facility's safety features, redundant systems, and chemicals housed onsite.  Mr. Scruggins assured the Adlongs the Crosby Facility was completely safe.

7.     As a result of Arkema's representations and assurances, the Adlongs decided to improve the Property.   They proceeded to clear the land, build a home, open the land for agricultural leasing and grazing, and maintain a balance of fish in a spring-fed stock pond on the Property.

The Adlongs intended to preserve the Property for their own children and grandchildren or as a fall-back if they absolutely needed to sell because of a family or medical emergency.

8.     In 2017, the Adlongs began exploring the option to sell the Property.  As a result, they asked a local real estate broker to assist in determining the Property's value.  Using comparable properties, it was determined they should price the Property at approximately $17,500 per acre, plus the value of the home and other structures.  Overall, the value was determined to be approximately $700,000.

9.     In late August of 2017, the residents and business in southeast Texas were notified of an impending hurricane in the Gulf of Mexico.  Meteorologists warned that Hurricane Harvey had the potential for sustained, catastrophic winds and historical amounts of rain.  Because of the impending storm, Plaintiffs chose to evacuate and wait for the hurricane to pass.

10     On or about August 27, 2017, Hurricane Harvey struck the coast of Texas as a Category 4 hurricane.  Harvey proceeded to move inland and stall for several days, dumping a massive amount of rainfall onto the southeast Texas coast, including eastern Harris County where the Property and Crosby Facility are located.  In total, Harvey dropped in excess of fifty (50) inches of rain in and around Crosby, Texas.  Unfortunately, Arkema failed to heed the warnings, failed to prepare the Crosby Facility, and ignored the foreseeable consequences of the extreme weather.

11.    As a direct result of Arkema's failure to prepare, its employees were forced to abandon the Crosby Facility on August 29, 2017.  They left behind hazardous chemicals and other toxic substances without supervision and safety procedures.  Some of the chemicals required refrigeration, the lack of which would cause the chemicals to break down and ignite.  Arkema was aware of the danger posed by the unrefrigerated chemicals.  A fire occurred in 2006 at the

Crosby Facility due to inappropriately stored organic peroxides which resulted in penalties issued by the Texas Commission on Environmental Quality ("TCEQ").

12.     Despite its knowledge of the potential danger, Arkema failed to adequately prepare for back-up refrigeration of chemicals in the event of a power outage or other catastrophic event.  As a result, several explosions occurred on August 31, 2017.  The explosions threw toxic and dangerous chemicals into the air around the Crosby Facility causing injuries.  The potential for injury was so severe in fact, that prior to the explosions Arkema established a 1.5 mile radius around the facility, inside which all individuals were mandatorily evacuated from their homes and businesses.

13.     On September 3, 2017, Arkema intentionally ignited the remaining containers of chemicals sending smoke, chemicals, and other compounds into the air that could be seen for miles.  Residents began returning to their homes on the same day.

14.     As a result of the history of the Crosby Facility's failures and Defendant's acts and omissions, Plaintiffs have suffered damages to the Property, including without limitation permanent injury to the land, loss of market value, or alternatively, loss of Property value because of the stigma associated with events described herein.  Plaintiffs have also suffered

E. Negligence

15.     Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein and further state as follows:

16.     Defendant had a duty to exercise ordinary care and Defendant breached that duty in, including but not limited to one of the following ways:

        a.      Failing to properly store chemicals at the Crosby Facility;

    b.      Failing to develop, implement, and maintain proper safety procedures and protocols concerning the safe maintenance of toxic and dangerous chemicals kept and stored at the Crosby Facility;

    c.      Failing to develop, implement, and maintain proper backup and redundant safety and refrigeration systems at the Crosby Facility; and

    d.      Failing to develop, implement, and maintain adequate procedures to protect the safety and welfare of the community in the event of an extreme weather event.

Defendant's breach was a proximate cause of Plaintiffs' damages.

## F. Gross Negligence

17.    Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein and further state as follows:

18.    Arkema's acts and/or omissions involved extreme degrees of risk, considering the probability and magnitude of the potential harm to others.  In the alternative, Arkema had actual, subjective awareness of the risk but proceeded with conscious indifference to the safety and welfare of others.

19.    Arkema's unexcused breach of its duties proximately caused injury to the Adlongs.

## G. Negligence Per Se

20.    Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein and further state as follows:

21.    Plaintiffs belong to the class of persons the law was meant to protect, and their injury is of the type the statute was designed to prevent.  Defendant Arkema violated the law without excuse, and Arkema's acts or omissions proximately caused the Adlong's injuries.

H. Nuisance

22.    Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein and further state as follows:

23.    Defendant's negligent conduct, as described above, created conditions which substantially interfered with the Plaintiffs' interest in the use and enjoyment of the Property, causing the Adlongs unreasonable discomfort or annoyance.  These conditions caused permanent damage to the Property, including without limitation, permanent loss of market value as a result of the stigma of the incident, the conditions created by Defendant's conduct, and being located directly adjacent to the Crosby Facility.

I. Nuisance *Per Se*

24.    Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein and further state as follows:

25.    Defendant's activity can be considered a nuisance at all times, under any circumstances, and in any location.  In fact, it was abnormally dangerous conduct, in that it was abnormal, out-of-place, and involved abnormally dangerous substances, which caused injury to the Property.  As a result, Arkema is strictly liable the damages caused to Plaintiffs' Property.

J. Misrepresentation

26.    Plaintiffs incorporate by reference all preceding paragraphs as if fully stated herein and further state as follows:

27.    Defendant Scruggins and Arkema representatives, generally, made false representations to the Adlongs concerning the risk of explosions, the risk of chemical leaks, and the safety of residing next to the Crosby Facility.  Arkema's representatives supplied this false information knowingly and/or recklessly with the knowledge the Adlong's would rely on the

misrepresentations to their detriment.  As a direct result of the false information, the Adlongs decided to refurbish and develop Property and incurred damages.

## K. <u>Damages</u>

28.     As a direct and proximate result of the incidents made the basis of this suit, Plaintiffs were caused to suffer injury, and too incur the following damages:

      A.      Injury to land, including loss of use, loss of market value due to permanent injury or stigma, cost of repairs, or any combination thereof;

      B.      Injury to the improvements, including without limitation loss of use, loss of market value due to permanent injury or stigma, cost of repairs, or any combination thereof; and

      C.      Emotional harm to Plaintiffs from the deprivation of the enjoyment of the Property.

## L. <u>Exemplary Damages</u>

29.     Plaintiffs seek exemplary damages as allowed by law in an amount to be determined at trial.  Defendant's acts or omissions were particularly outrageous, malicious, and/or otherwise morally culpable if one considers Arkema's past errors and violations along with its failure to protect neighboring property owners from the unreasonably dangerous conditions it created.

## M. <u>Preserving Evidence</u>

30.     Plaintiffs hereby request and demand that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting therefrom, including without limitation statements, photographs, video, audio, surveillance or security information, business records, reports, files, email, text messages, facsimiles, voicemails, electronic images, and any other evidence involving the incident in question.  Failure to maintain such items will constitute "spoliation" of the evidence.

N. <u>Request for Disclosure</u>

31.     Plaintiffs request that Defendants disclose the information and material described in Texas Rule of Civil Procedure 194.2 within fifty (50) days of service of this request.

<u>Prayer</u>

32.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray as follows:

a.      Defendant be cited to appear and answer;

b.      Upon a final trial of the case, judgment be entered against Defendants Arkema, Inc. and Chad Scruggins for an amount of damages in a sum within the jurisdictional limits of the Court;

c.      Exemplary Damages;

d.      Pre-judgment and Post-judgment interest at the maximum amount allowed by law;

e.      All costs of court; and

f.      All other relief which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

BAGGOTT & DAVIS, LLP

/s/ Thad T. Davis
Thad T. Davis
State Bar No. 24045757
820 Richmond Avenue, Suite B
Houston, Texas 77006
Phone: (713) 529-2727
Fax: (713) 529-4289
tdavis@baggottdavis.com

ATTORNEY FOR PLAINTIFFS

# Answer

10/10/2018 10:20 AM
Chris Daniel - District Clerk Harris County
Envelope No. 28164658
By: Anais Aguirre
Filed: 10/10/2018 10:20 AM

CAUSE NO. 2018-46583

| | | |
|---|---|---|
| KENT ADLONG and BONNIE ADLONG, | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| | § | |
| VS. | § | 334TH JUDICIAL DISTRICT |
| | § | |
| ARKEMA, INC. and CHAD SCRUGGINS, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT ARKEMA, INC.'S ORIGINAL ANSWER AND SPECIAL EXCEPTION

Defendant, Arkema, Inc. ("Arkema" or "Defendant"), respectfully files its Original Answer and Special Exception, and would show the Court as follows:

## GENERAL DENIAL

1.      Pursuant to TEX. R. CIV. P. 92, Arkema generally denies the allegations and claims contained in Plaintiffs' Original Petition and Request for Disclosure.

## AFFIRMATIVE DEFENSES

2.      Plaintiffs have failed to state a claim upon which relief may be granted.

3.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own negligence, in that Plaintiffs' failure to exercise ordinary care proximately caused, in whole or in part, the injuries, if any, complained of by Plaintiffs.

4.      Arkema asserts the affirmative defenses of contributory or comparative fault or negligence, comparative causation, and/or proportionate responsibility and would ask the Court and Jury to reduce any judgment against Arkema by the degree of negligence of causation attributed to any other person or party, including but not limited to, Plaintiffs, any Codefendants, any settling parties, and any responsible third parties.

5.      Plaintiffs' injuries were caused by a third party.

6.      The injuries alleged by Plaintiffs, if any, were caused by an intervening cause or a new and unanticipated event which was a proximate and/or producing cause, and/or the sole

proximate and/or sole cause of the injuries alleged by Plaintiffs.  Additionally, the cause of the injuries alleged by Plaintiffs was an independent and intervening event(s) and not the result of any conduct by Arkema.

7.      Plaintiffs failed to mitigate their damages, if any.

8.      Plaintiffs' claims are barred by assumption of the risk.

9.      Plaintiffs' alleged injuries, if any, were caused by an act of God.

10.     Arkema denies that Plaintiffs are entitled to recover punitive damages in this case because Arkema's conduct demonstrated reasonable care.  An intent to injure, actual or constructive, and conscious indifference to any risk are completely absent in this suit.

11.     An award of exemplary or punitive damages in this cause would be unconstitutional under the Constitutions of the State of Texas and of the United States, or any other applicable law, for one or more of the following reasons:

a.      There are no reasonable standards for the award of such damages;

b.      repetitive punitive damage awards for a single course or alleged course of conduct is inappropriate and in violation of the Double Jeopardy Clause of the Fifth Amended and due process clause of the Fourteenth Amendment of the United States Constitution and in violation of Art. 1 § 13 and Art. 1 § 14 of the Texas Constitution; and

c.      an award of exemplary or punitive damages would violate Defendant's rights to due process of law under the Fourteenth Amended to the United States Constitution and under Art. 1 § 19 of the Texas Constitution.

12.     In the unlikely event that there is an award of exemplary damages against Arkema, it asserts the applicability of § 41.001, *et seq.* of the Texas Civil Practice & Remedies Code or any other applicable law limiting awards of punitive damages.

## SPECIAL EXCEPTION

13.     Defendant specially excepts to Plaintiffs' claim for "misrepresentation" as pleaded in paragraphs 26 and 27 of Plaintiffs' Original Petition because the pleading fails to give Arkema fair notice of the claim involved or the conduct of Arkema upon which it is based.

## PRAYER

WHEREFORE, Defendant Arkema, Inc. prays that Plaintiffs take nothing by this action, that all relief requested by Plaintiffs be denied, that Arkema recover its costs of court and expenses, and that the Court grant it such other relief to which it may show itself to be entitled.

Respectfully submitted,

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

By

Rusty Hardin
State Bar No. 08972800
Rusty Hardin & Associates, LLP
1401 McKinney St., Suite 2250
Houston, Texas 77010
Telephone:  (713) 652-9000
Facsimile:   (713) 652-9800
E-mail: rhardin@rustyhardin.com

Michael L. Brem
State Bar No. 02952020
Pennzoil Place - South Tower
711 Louisiana St., Suite 1750
Houston, Texas 77002
Telephone: (713) 221-2500
Facsimile: (713) 221-2525
Email:  mbrem@sdablaw.com

Thomas Birsic
Pennsylvania Bar No. 31092
K&L GATES LLP
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile:   (412) 355-6501
Email: thomas.birsic@klgates.com

ATTORNEYS FOR DEFENDANT
ARKEMA, INC.

## CERTIFICATE OF SERVICE

This is to certify that on October 10, 2018 a true and correct copy of the foregoing document was served electronically on all known counsel of record via EFileTXCourts.gov.

Michael L. Brem

00227137.DOCX; 1